IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ROLAND McINTYRE,

        Plaintiff,              Civil Action No.
                                            3:16-CV-0034 (GLS/DEP)

   v.

PAUL BATTISTI,

        Defendant.
_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

Roland McIntyre, *Pro se*
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902

FOR DEFENDANT:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

                REPORT, RECOMMENDATION, AND ORDER

    *Pro se* plaintiff Roland McIntyre, who is currently an inmate confined in the Broome County Correctional Facility, has commenced this action pursuant to 42 U.S.C. § 1983 against a private defense attorney who was

initially retained to represent him in connection with criminal charges lodged in 2012, and later was assigned to represent him with respect to additional charges brought in 2014. Plaintiff alleges that the defendant failed to competently represent him and conspired with other, unidentified individuals to deny him a fair trial.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been referred to me for review. Based upon consideration of those documents, plaintiff's application for leave to proceed without prepayment of fees is granted, but I recommend that his complaint be dismissed with leave to replead.

I.  BACKGROUND

Plaintiff commenced this action on January 8, 2016. Dkt. No. 1. In his complaint, McIntyre alleges that defendant Paul Battisti, an attorney practicing in the vicinity of Binghamton, New York, was retained to represent him in connection with criminal charges filed against him in Binghamton City Court under Docket No. 2012-118808.[1] Dkt. No. 1 at 5, 15; Dkt. No. 1-1 at 4. The retainer agreement between the parties required

---

[1] On or about July 12, 2012, plaintiff was charged with criminal possession of controlled substances in the fourth degree, in violation of New York Penal Law § 220.09, and operating a motor vehicle with a suspended registration, in violation of New York Vehicle and Traffic Law § 512. Dkt. No. 1-1 at 11.

2

plaintiff to pay defendant a total of $2,500.00, with $1,000.00 to be paid at the outset of the representation. Dkt. No. 1-1 at 12, 15. While represented by defendant Battisti, plaintiff entered a guilty plea to criminal possession of a controlled substance in the seventh degree, in violation of New York Penal Law § 220.03, on or about October 30, 2013, in satisfaction of the charges contained in Docket No. 2012-118808. Dkt. No. 1 at 15-16; Dkt. No. 1-1 at 4, 12. Following the entry of that plea, sentencing in the matter was adjourned indefinitely. *Id.*

On February 21, 2014, plaintiff was arrested again and arraigned in Binghamton City Court in connection with additional charges involving criminal possession of controlled substances and weapons, bearing Docket Numbers 2014-125703 and 2014-125704. Dkt. No. 1 at 16; Dkt. No. 1-1 at 4-5, 12. While plaintiff was initially assigned a public defender to represent him, defendant Battisti was later assigned as his attorney concerning those charges, as well. Dkt. No. 1 at 16-17; Dkt. No. 1-1 at 5, 13. On or about April 29, 2014, the Binghamton City Court granted plaintiff's *pro se* motion pursuant to New York Criminal Procedure Law § 190.80,[2] and plaintiff was

---

[2] Section 190.80 of the New York Criminal Procedure Law provides as follows:

3

released on all charges under Docket Nos. 2014-125703 and 2014-125704. Dkt. No. 1 at 17-18; Dkt. No. 1-1 at 13. Plaintiff was remanded, however, in connection with Docket No. 2012-118808. *Id.*

Plaintiff received a notice on August 5, 2014, advising that his case regarding Docket Nos. 2014-125703 and 2014-125704 had been scheduled for grand jury presentment on August 15, 2014. Dkt. No. 1 at 5, 18-19; Dkt. No. 1-1 at 5, 13. Plaintiff was taken to Broome County Court on August 15, 2014, and, after a discussion with defendant Battisti, entered a

---

> Upon application of a defendant who on the basis of a felony complaint has been held by a local criminal court for the action of a grand jury, and who, at the time of such order or subsequent thereto, has been committed to the custody of the sheriff pending such grand jury action, and who has been confined in such custody for a period of more than forty-five days, or, in the case of a juvenile offender, thirty days, without the occurrence of any grand jury action or disposition pursuant to subdivision one, two or three of section 190.60, the superior court by which such grand jury was or is to be impaneled must release him on his own recognizance unless:
>
>> (a) The lack of a grand jury disposition during such period of confinement was due to the defendant's request, action or condition, or occurred with his consent; or
>>
>> (b) The people have shown good cause why such order of release should not be issued. Such good cause must consist of some compelling fact or circumstance which precluded grand jury action within the prescribed period or rendered the same against the interest of justice.

N.Y. C.P.L. § 190.80.

4

guilty plea under Supreme Court Index ("SCI") No. 2014-0482 to attempted criminal possession of a controlled substance in the fourth degree, in violation of New York Penal Law §§ 110.00, 220.09, in satisfaction of all charges pending under Docket Nos. 2014-125703 and 2014-125704. Dkt. No. 1 at 5-6, 18-22; Dkt. No. 1-1 at 6, 13-14. Plaintiff was released pending sentencing on SCI No. 2014-0482, but remained in custody on Docket No. 2012-118808 until August 20, 2014, at which time he was sentenced to time-served and a conditional discharge, and then released. Dkt. No. 1 at 7, 22; Dkt. No. 1-1 at 6, 14.

Plaintiff was again arrested and remanded on January 3, 2015. Dkt. No. 1 at 7, 23; Dkt. No. 1-1 at 7. On that date, plaintiff appeared in Binghamton City Court and was represented by stand-in counsel, Christopher Simser, Esq., who advised the court that plaintiff wished to make a motion to withdraw his guilty plea, presumably in connection with SCI No. 2014-0482. Dkt. No. 1-1 at 14. Attorney Battisti was subsequently relieved as plaintiff's assigned attorney on March 3, 2015.[3] Dkt. No. 1 at 25; Dkt. No. 1-1 at 15.

---

[3] Plaintiff attributes the decision to relieve defendant Battisti to a finding of ineffective assistance of counsel. Dkt. No. 1 at 25.

In his complaint, plaintiff alleges that defendant Battisti was generally unresponsive to his needs, refusing to meet with him – while he was incarcerated and in-person while he was released – or to return his phone calls, and failing to prepare any defense on plaintiff's behalf. Dkt. No. 1 at 5, 7, 17-19, 22. Plaintiff alleges that defendant Battisti's inattentiveness was motivated by retaliatory animus due to the fact that plaintiff still owed defendant money for representing him in connection the charges arising from Docket No. 2012-118808. Dkt. No. 1 at 16, 18, 38-40. Plaintiff also alleges that, although he told defendant Battisti he "wanted to discuss the case . . . and that [he] had defenses to the [2014] charges," defendant pressured him into pleading guilty by promising to "address and fight" plaintiff's plea and plea bargain afterwards due to "[i]llegal search and seizure issues." Dkt. No. 1 at 21. Confusingly, plaintiff also vaguely contends that defendant Battisti conspired to violate his constitutional rights, harassed and/or used excessive force towards him, and discriminated against him in violation of his equal protection rights. *Id.* at 9-10, 33-37. As relief, plaintiff requests recovery of compensatory and punitive damages against defendant Battisti. *See, e.g., id.* at 12.

II. DISCUSSION

   A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[4] In this instance, because I conclude that plaintiff satisfies the requirements to qualify for IFP status, his application for leave to proceed without payment of the requisite filing fee is granted.[5]

---

[4] The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00). Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[5] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

7

B. Analysis of Plaintiff's Complaint

1. Governing Legal Standard

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his/her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d

Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").[6]

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that

---

[6] Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

9

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2. <u>Sufficiency of Plaintiff's Claims</u>

Plaintiff's complaint alleges that the defendant violated "[his] civil and human rights" – specifically his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. *See, e.g.,* Dkt. No. 1 at 9, 10-11, 26, 38, 33-34, 35, 38. Plaintiff's claims are brought under 42 U.S.C. § 1983. *Id.*

Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). It "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v.*

11

*Toledo*, 446 U.S. 635, 640 (1980)); *accord, Byng v. Delta Recovery Servs. LLC*, 568 F. App'x 65, 65-66 (2d Cir. 2014).

State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *see also Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.).

In this instance, defendant Battisti is alleged to be a private attorney who was initially retained to represent plaintiff in connection with criminal proceedings, *see, e.g.,* Dkt. No. 1 at 17, 18 (complaining that defendant Battisti did not return plaintiff's phone calls and did not visit him while incarcerated), and later was appointed by the court as his assigned counsel in connection with additional criminal charges, *id.* at 21. It appears that the

gravamen of plaintiff's claims against defendant is that he did not receive effective representation, and was coerced by defendant Battisti to enter a plea of guilty to the 2014 charges against him.

The fact that defendant Battisti was appointed to represent the plaintiff by a state agency, standing alone, is not sufficient to render him a state actor for purposes section 1983. *See e.g., Rodriguez v. Welprin,* 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to the defendant do not act 'under color of state law' and therefore not subject to suit under 42 U.S.C. § 1983."). Plaintiff's section 1983 claims, as set forth, are therefore deficient because they do not allege facts plausibly suggesting that defendant was acting under color of state law at the relevant times. Accordingly, I recommend dismissal of plaintiff's claims arising under section 1983.

Although plaintiff's complaint, as currently drafted, does not appear to state a cognizable claim under section 1983, it must be construed against the backdrop of the well-established principle that "[*p*]*ro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted). Plaintiff's complaint makes several threadbare

13

references to the terms "conspiracy," "conspired," or "conspiring." *See, e.g.,* Dkt. No. 1 at 9, 13, 27, 28. To plead a cognizable conspiracy claim under § 42 U.S.C. 1983, "a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999), *accord, Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). For purposes of a court's review under section 1915(e), however, it is not sufficient merely to the existence of a conspiracy in wholly conclusory terms. *Pangburn*, 200 F.3d at 72; *see also Ciambriello*, 292 F.3d at325 ("In addition, complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed[.]").

In this instance, plaintiff's complaint fails to identify who participated in the conspiracy (aside from defendant), does not allege facts from which one could plausibly infer a showing of agreement or a "meeting of the minds," and lacks any details as to the time and place of conspiracy or its objective. *See generally* Dkt. No. 1. These deficiencies are fatal to plaintiff's conspiracy claim at this juncture. *See, e.g., Warren v. Fischl,* 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999). Accordingly, to the extent that plaintiff's claims

14

could be liberally construed to assert one or more conspiracy claims against defendant Battisti under section 1983, I recommend that they be dismissed.

C. Whether to Permit Leave to Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, while it is clear that plaintiff's bare allegations of defendant Battisti's incompetence and ineffective representation will not be sufficient to salvage a claim under sections 1983 due to the absence of any allegations plausibly suggesting state action on the part of the defendant, it is possible that plaintiff could flesh out his conspiracy allegations so as to demonstrate the existence of a cognizable conspiracy claim under section 1983. Accordingly, I recommend that leave to amend be granted with respect to the conspiracy claim only.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying

acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III. SUMMARY, ORDER, AND RECOMMENDATION

In its current form, plaintiff's complaint alleges principally that defendant Battisti, as his counsel, failed to provide him with effective representation in connection with criminal charges filed against plaintiff in Binghamton City Court. These allegations, however, standing alone, fail to plausibly suggest the requisite state action for purposes of plaintiff's claims under section 1983. Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed without prepayment of fees (Dkt. No. 2) be GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, pursuant to 28 U.S.C. §§ 1915(e), with leave to amend within thirty days of the issuance of an order adopting this recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated: February 4, 2016
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge